HALL (CUNNINGHAM v.). See Cases Nos. 3,481 and 3,482.

## Case No. 5,929.

### HALL et al. v. DEXTER et al.

[3 Sawy. 434.] [1]

Circuit Court, D. California. Sept. 13, 1875.

ENTRY ON LANDS AFTER ACTION COMMENCED — EFFECT OF JUDGMENT — MARSHAL HAS NO JUDICIAL POWER TO DETERMINE TITLE — MARSHAL MAY REQUIRE INDEMNITY BOND — TAX SALE AFTER SUIT BROUGHT.

1. Prima facie, all parties entering upon land after suit in ejectment brought for its recovery, are in possession in subordination to the defendant, and are equally liable to be removed by the writ issued upon the judgment recovered against him.

2. But parties thus entering after suit brought by title existing previously, adverse to that of the parties, are not affected in their rights by the judgment recovered.

3. The determination of the question whether parties thus entering have such antedating title is not left to the judgment of the marshal. He is not clothed with any judicial power to pass upon the rights of parties found upon the premises other than the defendant.

4. When such a party claims to have a title anterior to the suit the marshal may require from the plaintiff a bond of indemnity before proceeding to remove the party from the premises, or give a reasonable time to the party to apply to the court for a modification of the writ so as to exclude him from its operation. Upon such application the court may stay the enforcement of the writ or except the applicant from its operation, until the rights of the parties can be properly determined. But when a sufficient bond of indemnity is tendered, and no dif-

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

ferent order is made in the manner indicated, the duty of the marshal is only discharged by placing the plaintiff in possession as directed. and this implies a removal of all occupants.

5. A party asserting title under a tax sale made since suit brought, stands in no better position than one asserting an anterior title. He must apply to the court, if he would stay the enforcement of the writ. The marshal cannot control its operation.

[This was an action at law to recover possession of lands by Laura S. Hall and others against Henry S. Dexter and others. After judgment for plaintiffs (Case No. 5,949), the plaintiffs took a writ to obtain possession of the lands, which the marshal would not execute because the persons then in possession claimed title under a tax sale subsequent to the bringing of the suit. Plaintiffs now tender a bond of indemnity, and pray that the marshal be directed to enforce the writ.]

Philip G. Galpin, for plaintiffs.
Charles L. Low, for defendants.

FIELD, Circuit Justice. In November, 1867, the plaintiff recovered judgment for the possession of the premises in controversy, which are situated in the city of San Francisco. In 1873 the judgment was affirmed by the supreme court, and on filing its mandate in the circuit court in June last, a writ for the possession of the premises was issued to the marshal of the district.

The writ directs that officer to place the plaintiff in the quiet and peaceable possession of the premises, but he refuses to execute it on the alleged ground that the person occupying the premises is a tenant under a party claiming to own them by a deed executed upon a sale for unpaid taxes made since the recovery of the judgment. The plaintiff having tendered a bond of indemnity to the marshal, prays that he be directed to proceed to enforce the writ, and be punished for refusing to obey its command. The refusal of the marshal is not made in any contumacious spirit, but from a desire to avoid the commission of a possible wrong to the contestant.

A judgment in ejectment binds as to the title only parties to the action, and parties claiming under them. But prima facie all parties entering after suit brought are in possession in subordination to the defendant, and are liable to be removed equally with him by the writ. No alienation or abandonment by him of the premises, and the entry by another, with or without his assent, not having a title antedating the commencement of the suit, can prejudice the plaintiff in his recovery. This doctrine is established to prevent collusive transfers from defeating the action.

Persons entering after suit by title existing previously adverse to that of the parties, stand in a different position. Their title is in no respect affected by the judgment. But the determination of the question whether parties thus entering into possession have such

antedating title is not left to the judgment of the marshal. He is not clothed with any judicial power to pass upon the rights of parties found upon the premises other than the defendant. The most that he can do, when such a party claims to have a title anterior to the suit, is to require from the plaintiff a bond of indemnity, or give a reasonable time for the party to apply to the court for a modification of the writ, so as to exclude him from its operation. Upon such application the court may stay the enforcement of the writ, or except the applicant from its operation, until the rights of the parties can be properly determined. But when a sufficient bond of indemnity is tendered, and no different order is made in the manner indicated, the duty of the marshal will only be discharged by placing the plaintiff in possession as directed, and this implies a removal of all occupants. A party asserting title under a tax-sale made since suit brought, stands in no better position than one asserting an anterior title. He must apply to the court, if he would stay the enforcement of the writ. The marshal cannot control its operation.

There is here no application of the purchaser of the tax title, and from the facts disclosed in the affidavits, it is by no means clear that the entry of his tenant was not by the assent of the tenant of the defendants. There is nothing in the objection that the description of the premises in the writ is uncertain, and if the fees of the marshal have not been tendered as asserted, he may require their payment before proceeding further.

It appears that the time for the return of the writ already issued has expired; but this opinion will serve as a guide to the officer, on the issue of an alias writ.